IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL ALAN CROOKER,

    Plaintiff,

  v.

WACHOVIA BANK, AND LUSTIG,
GLASER & WILSON, P.C.,

    Defendants.

Civil Action

No. 09-2076

March ___25____, 2010

Pollak, J.

## OPINION

### I. Background

On April 30, 2009, plaintiff Michael Alan Crooker filed a *pro se* complaint in the Pennsylvania Court of Common Pleas alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(b), 1692c(a)(1), 1692d(5), 1692d(6) and 1692e(4). He named Wachovia Bank ("Wachovia") and Lustig, Glaser & Wilson, P.C. ("Lustig"), as defendants. Lustig removed the case to federal court on May 13, 2009. Wachovia was added as a party defendant to the federal case on May 18, 2009. On May 27, 2009, Wachovia filed a motion to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(6) and 12(e).  On June 5, 2009, Lustig filed its answer, affirmative defenses, and counterclaim, which contained a request for sanctions.  On August 13, 2009, Lustig filed a motion for judgment on the pleadings.  On August 19, 2009 Crooker filed a "Notice of Dismissal" under Federal Rule of Civil Procedure 41(a)(1)(i)).  On August 27, Crooker responded to Lustig's motion for judgment on the pleadings.  On October 5, Crooker filed a response in opposition to Lustig's motion for sanctions.

II. Analysis

Plaintiff's August 19, 2009 Notice of Dismissal sought dismissal under Federal Rule 41(a)(1).  Voluntary dismissal by the plaintiff is available under F. R. Civ. P. 41(a)(1)(A)(i) if it is filed before "the opposing party serves either an answer or a motion for summary judgment."  F. R. Civ. P. 41(a)(1)(A)(i).  In this case, plaintiff filed his notice to dismiss *after* Wachovia filed a motion to dismiss and Lustig filed a motion for judgment on the pleadings.  Accordingly, plaintiff's voluntary dismissal under F. R. Civ. P. 41(a)(1)(A)(i) is not effective.

However, plaintiff plainly seeks to voluntarily dismiss this action. Plaintiff's notice of dismissal states, in relevant part, that:

> Plaintiff hereby dismisses this action.  The defendant debt-collectors brought this case here, not Crooker.  Crooker wants nothing to do with the federal courts and deliberately brings his cases to state court whenever concurrent jurisdiction statutes allow . . . .  State courts do not have onerous 'PLRA' laws that discriminate against pro se prisoner-litigants nor are they as big-business friendly as the federal courts are.

In his two subsequent submissions to this court, memoranda of law opposing Lustig's motion for sanctions and judgment on the pleadings, plaintiff again stated that he did not want to proceed with the cause of action.

While Crooker's voluntary dismissal is untimely under F. R. Civ. P. 41(a)(1), this court will consider dismissing the action under F. R. Civ. P. 41(a)(2), which permits dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." F. R. Civ. P. 41(a)(2). Voluntary dismissal upon motion of plaintiff after defendant has filed its answer falls within the discretion of the district court. *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir.1974)). Typically, such dismissal is granted without prejudice, but "[i]t is within the court's discretion . . . to grant the dismissal with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Chodorow v. Roswick*, 160 F.R.D. 522, 523 (E.D.Pa.1995).

I must consider several factors in deciding whether to grant the dismissal with prejudice. These factors include:

> (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.

*Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F.Supp.2d 645, 652 (M.D.Pa. 2008); *see also Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D.

102, 102 (W.D.Pa. 1992) (identifying three factors the court must consider in ruling on a motion to dismiss without prejudice: prejudice to the defendant, both in terms of legal prejudice and litigation expense; plaintiff's diligence in bringing the motion; pendency of a dispositive motion by the non-moving party). However, "[t]he prejudice to defendant must be something other than the mere prospect of a second lawsuit." *Chodorow*, 160 F.R.D. at 523.

### A. Plaintiff's Claims Against Wachovia

In this case, these factors weigh heavily in favor of dismissing Crooker's claims against Wachovia with prejudice. Crooker has made it clear that he refuses to participate in this suit because it has been removed to federal court. He plainly believes that the pleading rules in state court are more favorable to *pro se* defendants. Apparently, Crooker has moved for voluntary dismissal only so that he can avoid federal jurisdiction. Thus, were this court to grant Crooker's motion to dismiss without prejudice, Crooker would have leave to re-file his cause of action in state court, and Wachovia would again be able to remove to federal court. No progress would have been made in the case, and the process would be meaningless, duplicative, and expensive. Granting Crooker's motion to dismiss with prejudice would limit his attempt to bypass federal jurisdiction.

A number of other factors bear in favor of dismissing with prejudice. Plaintiff has not provided any opposition to Wachovia's motion to dismiss, which "undoubtedly has been the product of some effort and expense on the part of defendant[]." *Schandelmeier*

*v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102 (W.D.Pa. 1992); *see also D.C.G. ex rel. E.M.G. v. Wilson Area School Dist.*, No. 07-1357, 2009 WL 838548, *4 (E.D.Pa. May 27, 2009) ("Notwithstanding the prospect of a second lawsuit, Defendants have incurred significant effort and expense litigating this matter, including the drafting of a motion for summary judgment which was opposed by Plaintiffs."). Wachovia has not only expended effort and expense preparing for this case, but has also defended a similar action, captioned as this one is, *Crooker v. Wachovia Bank, N.A.*, No. 08-10277, 2008 WL 2066943 (D. Mass. May 14, 2008) in the United States District Court for the District of Massachusetts. In that case, Crooker alleged that Wachovia had violated sections 1692c and 1692e of the FDCPA by allegedly harassing plaintiff's family and threatening to take legal action against plaintiff as Wachovia sought repayment of a loan he had taken out for laser eye surgery. *Id.* at *1. In this case plaintiff alleges that Wachovia harassed his family regarding additional loans and debts.[1] Summary judgment was granted for Wachovia in the District of Massachusetts on the ground that the FDCPA one-year statute of limitations had expired six months before the complaint was filed.[2]

---

[1] The complaint in this case alleges harassment with regards to "23 credit cards, 2 personal loans, 1 LASIX loan, 1 boat loan, and 1 automative loan."

[2] The District Court for the District of Massachusetts held that Crooker's complaint "falls clearly outside the FDCPA's one-year limitations period. . . . Wachovia wrote-off Crooker's account in July of 2003 and sold the debt to Sherman on July 13, 2006." *Crooker*, 2008 WL 2066943, *1. Wachovia also argues in this case that plaintiff has failed to comply with FDCPA's one-year statute of limitations. However, I will not rule on Wachovia's motion to dismiss on those grounds, which would require me to go beyond the face of the complaint.

Finally, it is clear that plaintiff has a long history of litigating in the state and federal courts. Plaintiff has participated in "in at least 75 civil actions filed in this and other courts across the United States, since the mid-1980's" and has been deemed a "three strikes" litigant ineligible for *in forma pauperis* status  *Crooker v. Merchants CR Guide Company*, No. 08-10382, District of Massachusetts (March 24, 2008).[3] In that case, the district court sanctioned plaintiff under Rule 11 by dismissing his cause of action with prejudice after concluding that Crooker's "repeated pleading practices, are, in any event, to the prejudice of the defendant."[4] *Id.* The district court enjoined plaintiff from filing any other lawsuit in district court, either directly or indirectly by way of a removal, unless plaintiff first satisfies the filing fee requirements for commencing a lawsuit in federal court or paying the removal fee. *Id.* For the reasons above, this court grants plaintiff's motion for voluntary dismissal of his claims against Wachovia as a Rule 41(a)(2) dismissal with prejudice.

B. Plaintiff's Claims Against Lustig, Glaser & Wilson, P.C.

Lustig's counterclaim, filed on June 5, 2009, alleges the following: (1) plaintiff has been previously found to be a three-strike litigant pursuant to 28 U.S.C. § 1915(g); (2)

---

[3] The court also noted that "[m]any of these actions have been dismissed with and without prejudice, settled, or summary judgment . . . entered against Crooker." *Id.*

[4] The court explained that Crooker consistently files his actions in state court so that he can circumvent the filing fee required in district court, avoid the three-strikes rule, and bypass the preliminary merits screening contained in 28 U.S.C. § 1915. *Id.*

- 6 -

plaintiff had previously been ordered to pay the full filing fee in an action against Lustig in the Superior Court of Massachusetts or face dismissal of his claim;[5] and (3) plaintiff filed the action in the Court of Common Pleas of Pennsylvania in order to avoid paying filing fees in Massachusetts. Lustig argues that plaintiff filed this action in bad faith in order to avoid the order imposed in the Massachusetts; accordingly Lustig has requested that (1) plaintiff's complaint be dismissed with prejudice; (2) plaintiff be enjoined from instituting another lawsuit in this court or in a Pennsylvania state court unless he pays filing fees; and (3) Lustig be granted reasonable attorney's fees.

Under Rule 41(a)(2), "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." F. R. Civ. P. 41(a)(2). Thus, this court can only grant a voluntary dismissal of plaintiff's claims against Lustig if (1) Lustig consents to that dismissal or (2) Lustig's counterclaim can be adjudicated independently.

Lustig's position on plaintiff's motion for voluntary dismissal is not known.

---

[5] In a complaint filed in *Michael Alan Crooker v. Lustig, Glaser & Wilson, P.C.*, No. 08-0198, Norfolk County Superior Court, Commonwealth of Massachusetts (May 28, 2008), Crooker alleged that Lustig violated the FDCPA by harassing Crooker's family for repayment of certain loans. In an order dated August 22, 2008, the state judge ordered that Crooker pay the full filing fee in the case or face dismissal of his case. Order, *Michael Alan Crooker v. Lustig, Glaser & Wilson, P.C.*, No. 08-0198, Norfolk County Superior Court, Commonwealth of Massachusetts (August 22, 2008). Because Crooker failed to pay the requisite filing fees, that action was dismissed on November 13, 2008.

Accordingly, this court requests Lustig to advise this court, within thirty days of the date of this order, (1) whether it would consent to this court's voluntary dismissal of plaintiff's claims against Lustig under Rule 41(a)(2), or (2) whether Lustig intends to pursue its counterclaim and believes the counterclaim would be susceptible of independent adjudication.

III. Conclusion

An appropriate order accompanies this memorandum.