IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MICHAEL ALAN CROOKER, | Civil Action |
| Plaintiff, | No. 09-2076 |
| v. | |
| WACHOVIA BANK, AND LUSTIG, GLASER & WILSON, P.C., | |
| Defendants. | |

May _13_ , 2010

MEMORANDUM

Now before the court is plaintiff Michael Alan Crooker's motion for reconsideration of this court's March 25, 2010 order granting voluntary dismissal as to defendant Wachovia pursuant to Rule 41(a)(2), and ordering defendant Lustig to advise this court whether it would consent to this court's voluntary dismissal of Crooker's claims against Lustig or whether Lustig intends to pursue its counterclaim and believed the counterclaim would be susceptible of independent adjudication.

I.

On April 30, 2009, Crooker filed a *pro se* complaint in the Pennsylvania Court of Common Pleas alleging violations of the Fair Debt Collection Practices Act ("FDCPA"),

and the case was removed to federal court on May 13, 2009. On May 27, 2009, Wachovia filed a motion to dismiss plaintiff's cause of action pursuant to F. R. Civ. P. 12(b)(6) and 12(e). On June 5, 2009, Lustig filed its answer, affirmative defenses, and counterclaim, which contained a request for sanctions. Plaintiff's notice of dismissal, docketed by the Clerk of Court on August 19, 2009, sought dismissal under Federal Rule 41(a)(1).

A plaintiff may voluntarily dismiss his cause of action if he files a notice before "the opposing party serves either an answer or a motion for summary judgment." F. R. Civ. P. 41(a)(1)(A)(i). Because this court understood from the notice of dismissal's docketing date that plaintiff had filed the notice *after* defendants had filed their responses, the court denied plaintiff's motion for voluntary dismissal pursuant to Federal Rule 41(a)(1). Instead, the court dismissed with prejudice plaintiff's cause of action against Wachovia pursuant to F. R. Civ. P. 41(a)(2), which permits dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." The court directed defendant Lustig to advise it whether it would consent to the court's voluntary dismissal of Crooker's claims against Lustig or whether Lustig intends to pursue its counterclaim and believed the counterclaim would be susceptible of independent adjudication. In his motion for reconsideration, filed on April 1, 2010, plaintiff argues that this court committed a factual error. He contends that he filed his notice of voluntary dismissal on May 29, 2009 and that it "is not [his] fault that the Pro Se Clerk did not

immediately file the Notice of Dismissal on the date that it was received," and instead docketed the notice on August 19, 2009. The notice of dismissal contained a certificate of service signed by Crooker and dated May 29, 2009 stating that a copy of that notice was mailed to Franco Corrado, counsel for Wachovia. Because he filed this notice of dismissal *before* either defendant filed an answer or motion for summary judgment he contends that dismissal should have been granted pursuant to F. R. Civ. P. 41(a)(1)(i).

II.

This court concludes that the effective date of the notice of dismissal is May 29, 2009, pursuant to the prisoner mailbox rule. Under the mailbox rule, a *pro se* prisoner's habeas petition is considered filed on the date that the prisoner delivers the complaint to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). That rule has been extended to *pro se* prisoner filings in other civil actions. *See Gibbs v. Deckers*, 234 F.Supp.2d 458, 461 (D. Del. 2002) ("Although *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Third Circuit to other prisoner filings."); *Smith v. Carroll*, 602 F.Supp.2d 521, 526 n.7 (D. Del. 2009) (applying prisoner mailbox rule to a medical malpractice complaint); *Rivers v. Horn*, No. 00-3161, 2001 WL 312236, *1 (E.D.Pa. March 29, 2001) ( identifying federal courts that have extended *Houston* to include *pro se* prisoner complaints and holding that *Houston* applies to *pro se* prisoner filings of Section 1983 claims).

Given the "[evidentiary] difficulty in determining when a prisoner relinquishes control of the complaint to prison personnel" this date is presumed to be the date plaintiff gave the notice to prison officials to be mailed. *Taylor v. Naylor*, No. 041826, 2006 WL 1134940, * 3 (W.D.Pa. April 26, 2006) (citing *Mingues v. Nelson*, No. 96 CV 5396, 2004 WL 324898, at *3 (S.D.N.Y. Feb.20, 2004)). Thus, plaintiff filed his notice to dismiss *after* Wachovia filed a motion to dismiss and *before* Lustig filed a motion for summary judgment. Voluntary dismissal by the plaintiff is available under F. R. Civ. P. 41(a)(1)(A)(i) if it is filed before "the opposing party serves either an answer or a motion for summary judgment." F. R. Civ. P. 41(a)(1)(A)(i). This rule has been "strictly interpreted" by several courts of appeals including our own to "make clear that only an answer or a summary judgment motion can extinguish a plaintiff's right to dismiss the complaint without prejudice." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987) (listing cases). Wachovia filed a motion to dismiss, not an answer. Accordingly, plaintiff is entitled to voluntary dismissal of his claims against Wachovia under F.R. Civ. P. 41(a)(1)(A)(i). Likewise he is entitled to voluntary dismissal of his claims against Lustig.

### III.

In accordance with this opinion, the accompanying order grants the motion for reconsideration and directs voluntary dismissal of plaintiff's claims against both defendants.